# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MICHAEL A. KELLY (#100147)**                                  **CIVIL ACTION**

**VERSUS**

**RAMAN SINGH, M.D., ET AL.**                                    **NO. 14-0064-JJB-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 22, 2014.

                                                            **RICHARD L. BOURGEOIS, JR.**
                                                            **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

MICHAEL A. KELLY (#100147)                                CIVIL ACTION

VERSUS

RAMAN SINGH, M.D., ET AL.                                 NO. 14-0064-JJB-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Raman Singh and Dr. Jason Collins, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs. Specifically, the plaintiff alleges that in May, 2013, he requested medical attention for symptoms which he believed to be associated with a possible hernia. Thereafter, on or about June 5, 2013, he was seen by a Dr. Toce at LSP (not named as a defendant herein), who allegedly confirmed the diagnosis of an inguinal hernia, ordered a scrotal support for the plaintiff, and placed the plaintiff on a list for a surgical evaluation. In July and October, 2013, the plaintiff was allegedly seen by a Dr. Hal Macmurdo (not named as a defendant herein), who advised the plaintiff that "preparations were being made to open a clinic specifically for hernia surgeries" at LSP. Notwithstanding, the plaintiff complains that on January 14, 2014, he was examined by a Dr. Karla Bringedhal at LSP (not named as a defendant herein), who advised the plaintiff that surgery was not warranted and that the plaintiff would "have to live with" the condition. According to the plaintiff, "the official responsible for this decision" was the Medical Director of the Louisiana Department of Public

Safety and Corrections.

Pursuant to 28 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison *prior to* commencement of his civil action in this Court with respect to prison conditions.[1] This provision is mandatory and applies broadly to "all inmate suits about prison life". *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner is required to exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525.

Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, *Jones v. Bock*, 549 U.S. 199, 216 (2007), when it is apparent from the face of the Complaint that an inmate plaintiff has failed to exhaust prison grievance procedures, a dismissal *sua sponte* is appropriate upon initial review for failure of the plaintiff to state a claim upon which relief may be granted. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

---

1 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

In this case, the plaintiff admits in his Complaint, as amended, that he failed to exhaust administrative remedies prior to commencement of the instant proceeding. Specifically, he asserts that when he submitted his initial Complaint to this Court for filing, his "administrative grievance was still pending." *See* Rec. Doc. 4 at p. 2. It further appears from a review of attachments to the plaintiff's Amended Complaint that he commenced the administrative process at LSP by filing a grievance with prison officials in November, 2013, and that he received a First Step Response to that grievance on or about January 15, 2014. He thereafter proceeded to the Second Step of the administrative process by submitting a form for that purpose to prison officials on or about January 22, 2014. However, instead of then waiting for a response from prison officials at the Second Step, he prepared and signed his federal Complaint on January 26, 2014, a mere four (4) days thereafter, while his Second Step process was pending and had barely commenced. The plaintiff further acknowledges that it was not until March 21, 2014, almost two months after commencement of this proceeding, that he received a final Second Step Response and thus completed the administrative process in connection with his grievance. *Id.* Based on the foregoing, the Court concludes that the above-captioned proceeding should be dismissed for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.

The Louisiana administrative procedure consists of a two-step process, pursuant to which:

> [A]n offender may seek formal review of a complaint which relates to any aspect of his incarceration .... Such complaints and grievances include, but are not limited to any and all claims seeking monetary, injunctive, declaratory or any other form of relief authorized by law and by way of illustration, includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, ... or challenges to rules, regulations, policies or statutes....

22 La. ADC, Part I, § 325(D)(1). An inmate is instructed to commence the process by submitting a written claim or a letter with the phrase, "this is a request for administrative

remedy" or "ARP," 22 La. ADC, Part I, § 325(G)(1)(a)(i), and such claim must be filed within ninety (90) days of the incident giving rise to the claim. 22 La. ADC, Part I, §§ 325(G)(1) and 325(I)(1)(a)(ii)(I). Prison officials are required to formally respond to an inmate's written grievance at the First Step within forty (40) days, and an inmate who is dissatisfied with a First Step Response may appeal to the Second Step of the administrative process with the Secretary of the Louisiana Department of Public Safety and Corrections, who is granted an additional period of forty-five (45) days within which to provide a Second Step Response. 22 La. ADC, Part I, § 325(J)(1)(a) and (b). In the instant case, by filing his federal Complaint with this Court immediately after commencement of the Second Step process and without allowing sufficient time for completion thereof, the plaintiff clearly failed to afford prison officials at the Second Step either time or an opportunity "to address [his] complaints internally." *See Johnson v. Johnson, supra,* 385 F.3d at 516. The Court will not allow the plaintiff to circumvent the clear intent of the exhaustion requirement by permitting him to file his federal Complaint prior to administrative exhaustion and by then allowing him to simply amend his Complaint to allege exhaustion once he has received a final agency determination.[2] Accordingly, the Court finds that the above-captioned proceeding should be dismissed because of the plaintiff's failure to exhaust administrative remedies prior to commencement of this proceeding in accordance with 42 U.S.C.

---

2. The plaintiff's first Amended Complaint (Rec. Doc. 4), as well as his two pending motions for leave to amend (Rec. Docs. 5 and 6), are illustrative of the potential difficulty faced by the Court in addressing claims which have not been administratively exhausted. In his first Amended Complaint, the plaintiff acknowledges receipt of the Second Step Response in connection with his pending administrative grievance and complains, *inter alia,* of alleged deficiencies in that Second Step Response. Now, through his subsequent motions for leave to amend, the plaintiff seeks to add additional defendants and to assert claims relative to events occurring after the filing of the original Complaint. He also makes reference therein to a second administrative grievance which he filed in April, 2014, *see* Rec. Doc. 6 at pp. 2-3, which grievance he concedes is "currently pending" and so has not been exhausted.

§ 1997e.

RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, as a result of the plaintiff's failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, but with prejudice to the refiling of the same claim or claims *in forma pauperis*.[3] It is further recommended that the plaintiff's pending motions for leave to amend his Complaint (Rec. Docs. 4 and 5) be denied.

Signed in Baton Rouge, Louisiana, on July 22, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

3. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (wherein the appellate court affirmed the dismissal of an inmate's claim for failure to exhaust administrative remedies "with prejudice for purposes of proceeding IFP." The Court specifically noted that, "[b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which he was not entitled – that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures").